IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTOPHER RICK MONTEZ, *Plaintiff* § § § | |
| -vs- § § | SA-23-CV-00448-XR |
| AGUIRRE & GONZALEZ, *et al.* *Defendants* § § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

On this date, the Court considered the Report and Recommendations ("R&R") of Magistrate Judge Henry J. Bemporad (ECF No. 5) (the "Magistrate Judge"), considering pro se Plaintiff's motion to proceed *in forma pauperis* ("IFP") (ECF No. 1).

Because Plaintiff is proceeding pro se, his case was automatically referred to the Magistrate Judge who screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and the Docket Management Order of Cases Involving Applications to Proceed In Forma Pauperis entered on October 8, 2019, in the San Antonio Division of the Western District of Texas. That order provides that all cases in which a plaintiff seeks to proceed IFP shall be automatically referred to a Magistrate Judge for disposition of the application to proceed IFP and for a prompt recommendation if it appears the case should be dismissed pursuant to 28 U.S.C. § 1915(e). After screening Plaintiff's complaint, the Magistrate Judge recommended that the Court deny Plaintiff's request to proceed IFP and dismiss the case as frivolous, because Plaintiff has previously been deemed a "vexatious litigant."

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Although 28 U.S.C. § 1915(a) enables an indigent person to bring an IFP action in federal court without paying costs, § 1915(e)(2) prevents abuse of the privilege by authorizing the Court to dismiss the case if the allegation of poverty is untrue or if the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(a), (e)(2). A district court is vested with especially broad discretion in determining whether a dismissal under § 1915(e)(2)(B)(i) for frivolousness is warranted. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

The Magistrate Judge found that Plaintiff has filed "numerous frivolous pro se lawsuits in this district," and cited at least eight prior lawsuits filed in the last two years. ECF No. 5 at 1, n.1. Moreover, the Magistrate Judge noted that United States District Judge Jason K. Pulliam recently designated Plaintiff as a "vexatious litigant" and enjoined Plaintiff from filing further civil lawsuits in the Western District of Texas without first obtaining judicial permission. *Id*. at 1. The Magistrate Judge found that Plaintiff did not seek permission before filing this lawsuit and did not respond to the Magistrate Judge's order that Plaintiff show cause as to why his case should not be dismissed on that basis. *Id*. at 2. Accordingly, the Magistrate Judge recommended that Plaintiff's application to proceed IFP be denied and that the suit be dismissed both for violating Judge Pulliam's pre-filing injunction and failing to comply with the Court's show cause order.

---

[1] The administrative fee, which is currently $52, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The Magistrate Judge's order appears to refer to a previous version of the Fee Schedule under which the applicable administrative fee was $50. Effective December 1, 2020, however, the fee was increased to $52.00.

### A. Legal Standard

A party may serve and file objections to a Report and Recommendations within fourteen days. Fed. R. Civ. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

The Magistrate Judge issued his Report and Recommendation on May 4, 2023 and sent the R&R to Plaintiff on the same day. ECF Nos. 5, 7. Because Plaintiff has not objected to the Magistrate Judge's findings, this Court will review the Magistrate Judge's determinations for clear error. Accordingly, this Court has reviewed the Magistrate Judge's Report and Recommendations and finds this determination to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

I.   CONCLUSION

The Magistrate Judge's Report and Recommendation is **ADOPTED**. Plaintiff's application to proceed IFP (ECF No. 1) is **DENIED** and this suit is **DISMISSED**.

It is so **ORDERED**.

**SIGNED** this 13th day of June, 2023.

Xavier Rodriguez
United States District Judge